1
2
3
4

Ebrahim Wahab, Plaintiff                            Date: 11/28/2023
8702 SW 49th Ave.
Portland, OR 97219
(503)481-5288
emwahab@gmail.com

5
6        **In the Court of the United States for the**
7        **District of Oregon, Portland Division**
8

Ebrahim Wahab,   Plaintiff    |        Case no: 3:23-cv-00098-SB
                              |
                              |
v.                            |
                              |
                              |        **MOTION TO QUASH**
                              |        **SUBPOENAS FILED BY**
                              |        **DEFENDANT ON 11/17/2023**
                              |
Saima Wahab, Defendant        |
                              |

9
10
11

Your Honor;

The Plaintiff, Ebrahim Wahab objects to the two subpoenas filed in the US District Court to produce health record documents to be used by the Defendant, Ms. Saima Wahab.

1. Directed to Kaiser Permanente.

2. Directed to Oregon Health Science University (OHSU).

Ebrahim Wahab would like to present the following arguments as reasons why both subpoenas should be dismissed. Both subpoenas are intrusive, a dragnet of information, and in violation of HIPPA laws.

## *Argument one*

## CLIENT/ATTORNEY PRIVILEGED

Plaintiff claims Client/attorney privilege: For Plaintiff, being the owner of the subpoenaed electronic protected health records (ePHR) in addition to being personally involved in representing himself in this case; gives him the right to be his own attorney. Plaintiff needs the same ePHR that the Defendant has filed subpoenas for. Therefore, Plaintiff claims privilege and asks for first right-to-use of the ePHR. Plaintiff is asking that he should be given the first choice and right to the data in the ePHR. For that reason, Plaintiff deems it against his own interest to release his private health records to the Defendant who exhibits the intention to use the information against Ebrahim Wahab, the Plaintiff.

## *Argument two*

## DECLARTION OF PRIVILEGED AND PROTECTED HEALTH INFORMATION

If these subpoenas proceed, a vast amount of information about the Plaintiff shall be put at the disposal of the Defendant to manipulate and use in a manipulative manner, i.e., extraction of data that reveals conditions other than needed in this case. The cache of ePHR subpoenaed is vague and essentially in the method of dragnet fishing. Defendant will get the information that she needs. Plaintiff is very disturbed by the prospect and the scope of subpoenas which ask for ALL medical records. Briefly reverting to *Argument one,* as a Pro Se Plaintiff, it is against Ebrahim Wahab's interest to release his ePHR without specifying how it will be used FIRST before the Defendant acquires them.

**The release of the ePHR will infringe on Plaintiff's right to privacy and therefore Plaintiff asks the court to dismiss the subpoenas entirely. Plaintiff would like to ask the Court to withdraw and nullify both subpoenas on the basis that they both infringe on Plaintiff's Right to Privacy. What the Defendant is asking for are all privileged, private, and are protected by applicable laws outlined in HIPPA.**

**According to the *SUMMARY OF THE HIPAA PRIVACY RULE, published by the U.S. Department of Health and Human Services (OCR – Privacy Brief – May, 2003);* there is clear intention that the Defendant is asking for protected information which the Plaintiff objects to being released explicitly. The Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191, was enacted on August 21, 1996. It protects some specific information that the Defendant has subpoenaed.**

> *Protected Health Information. The Privacy Rule protects all "individually identifiable health information" held or transmitted by a covered entity or its business associate, in any form or media, whether electronic, paper, or oral. The Privacy Rule calls this information "protected health information (PHI)."12 "Individually identifiable health information" is information, including demographic data, that relates to: • the individual's past, present or future physical or mental health or condition, • the provision of health care to the individual, or • the past, present, or future payment for the provision of health care to the individual, and that identifies the individual or for which there is a reasonable basis to believe can be used to identify the individual.13 Individually identifiable health information includes many common identifiers (e.g., name, address, birth date, Social Security Number). The Privacy Rule excludes from protected health information employment records that a covered entity maintains in its capacity as an employer and education and certain other records subject to, or defined in, the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g.*

**The document indicates Permitted uses and Disclosures as:**

> *A covered entity is permitted, but not required, to use and disclose protected health information, without an individual's authorization, for the following purposes or situations: (1) To the Individual (unless required for access or accounting of disclosures); (2) Treatment, Payment, and Health Care Operations; (3) Opportunity to Agree or Object; (4) Incident to an otherwise permitted use and disclosure; (5) Public Interest and Benefit Activities; and OCR Privacy Rule Summary 5 Last Revised 05/03 (6) Limited Data Set for the purposes of*

*research, public health or health care operations.18 Covered entities may rely on professional ethics and best judgments in deciding which of these permissive uses and disclosures to make.*

**While health records maybe ordered subpoenaed by a court, its lawful use, protection, and risks of misuse by the Defendant has not been provided as required by the HIPPA law. CFR 164.512, (e), (ii), paragraphs (A) and (B) elaborate:**

*(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:*

*(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or*

*(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.*

**The Defendant has made no assurance for safekeeping of the subpoenaed ePHR. By asking an extremely large cache of private information, the Defendant has demonstrated the intension to use the protected information in a contrary manner. She has failed to establish the trust and satisfactory assurance for the safe use and security of Mr. Wahab's ePHR. Therein records, there is a vast amount of information that does not pertain to this case.**

### *Argument three*

### Information subpoenaed is outside the scope of this lawsuit

**The manner the Defendant is asking for the broad spectrum of Plaintiff's ePHR, they would inadvertently include other extraneous protected health records that are outside of the scope and the needs of this case. Defendant does not specify what records should be included; what records should not be included in the subpoenas. This makes the subpoenas unreasonable, intrusive. Plaintiff objects to releasing his private and protected health records to Defendant which are not needed for the trial at hand. It is an invasion of the**

**Plaintiff's privacy if the Defendant is allowed access to the entire, unfiltered cache of electronic data which is both privileged and protected by applicable laws. Plaintiff objects to Defendant's rummaging through his private health information without specifying. Just so that she can "find" what she is looking for.**

**Defendant has not provided any type of assurance, a promise, a guarantee, that the data will not be misused. Plaintiff, therefore concludes that the data will be misused by the Defendant and should be prevented by nullifying both subpoenas entirely and permanently.**

**Plaintiff presented his arguments to the judgement of the Court of the United States. His objections are clear, factual, and sincere. They reflect his genuine concerns.**

*[signature]*

**Ebrahim Wahab, Pro Se, Plaintiff**