IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EBRAHIM WAHAB,

            Plaintiff,

v.

SAIMA WAHAB,

            Defendant.

Case No. 3:23-cv-00098-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      This matter comes before the Court on Plaintiff Ebrahim Wahab's ("Plaintiff") motion for leave to amend his complaint against Defendant Saima Wahab ("Defendant"). Plaintiff seeks to add claims against two new defendants, Aziz and Karima Wahab, and increase the amount of damages he seeks from Defendant. (Pl.'s Mot. Leave Amend ("Pl.'s Mot.") at 2-3, ECF No. 46.) The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), and the parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). For the reasons explained below, the Court grants in part and denies in part Plaintiff's motion.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff and Defendant are citizens of Oregon and the District of Columbia, respectively.[1] (Compl. at 1-4, ECF No. 2.) Defendant is Plaintiff's niece. (*Id.* at 5.) Plaintiff filed a defamation claim against Defendant and seeks, among other things, $600,000 in damages. (*Id.* at 4-5.)

Plaintiff bases his claim on allegedly defamatory statements that Defendant made about Plaintiff in a "Viber" group "text message."[2] (*Id.* at 6.) Defendant sent the message to members of their family, who subsequently sent Defendant's message to others, including Plaintiff. (*See id.* at 4-7, 11, identifying the message recipients as eight couples, including six people with the surname "Wahab," who are Plaintiff's "relatives," stating that the message "damaged the fabric of a happy family" and caused "distrust amongst family members," and seeking an apology to "all family members, [and] friends, . . . includ[ing] [those] who received or were made aware subsequently"). Plaintiff alleges that Defendant's message falsely accused him of sexually abusing her "for months," over twenty years ago, when she was a child and they both lived in Afghanistan. (*See id.* at 8, 12, noting that Plaintiff has "lived here as a United States citizen for

---

[1] The parties are diverse for the purpose of diversity jurisdiction. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1130-31 (9th Cir. 2002) (observing that the plaintiff and defendant were citizens of Nevada and the District of Columbia, and were "diverse" for purposes of § 1332).

[2] Viber is an Internet-based application that allows users to send written messages. *See United States v. Cooper*, 926 F.3d 718, 733 (11th Cir. 2019) (discussing the "cell-phone application[] Viber"); *United States v. Davitashvili*, 602 F. Supp. 3d 704, 711 n.3 (E.D. Pa. 2022) ("Viber is an Internet messaging application that allows the user to send and receive audio calls, video calls, written messages, photos, and videos after downloading the software from the Internet.") (simplified). Plaintiff provides screenshots of the Viber "phone app" message. (*See* Compl. at 5-10.)

PAGE 2 – OPINION AND ORDER

decades" and the message stated that the alleged abuse stopped when Plaintiff "left Afghanistan").

Defendant sent the message, which was titled "[W]ahab pedophile alert," on May 8, 2022, the day after she attended a family holiday gathering at Plaintiff's nephew's house, at which Plaintiff, the message recipients, and the message recipients' children were present. (*Id.* at 5-10; *see also id.* at 6-7, stating that Aziz Wahab is the nephew who hosted the event with his spouse, Karima Wahab). In the message, Defendant stated that Plaintiff had abused her as a child. (*Id.* at 8.) Defendant explained that she was "concerned about [the recipients'] children," believed that the recipients' children "need protection," and felt "obligat[ed] to warn" the recipients that their "children [were] not safe around [Plaintiff]," who Defendant described as a "pedophile" and "child molester" who, "[i]n any decent society, . . . would be forced to register as a pedophile[] and . . . jailed if he was seen hugging a child," as she had witnessed the previous evening. (*Id.* at 8-10.) After receiving the message, a family member forwarded it to Plaintiff. (*Id.* at 7.)

Plaintiff filed this defamation suit on January 20, 2023. On August 8, 2023, the Court denied Defendant's special motion to strike the complaint pursuant to Oregon's anti-SLAPP statute. (ECF No. 29.) Plaintiff's motion for leave to amend followed.

## DISCUSSION

Plaintiff timely moved for leave to amend his complaint.[3] Plaintiff seeks to add claims against Aziz and Karima Wahab and increase the amount of damages he seeks from Defendant. (Pl.'s Mot. at 2-3.)

---

[3] The Court granted Plaintiff's motion to extend the October 16, 2023 deadline to amend pleadings or add parties or claims to October 27, 2023, and Plaintiff filed his motion for leave to amend on October 25, 2023. (*See* ECF No. 32, stating that "[p]arties are to seek leave to amend pleadings or add any additional parties or claims by 10/16/2023"; ECF Nos. 42, 44, granting

PAGE 3 – OPINION AND ORDER

I.     APPLICABLE LAW

Federal Rule of Civil Procedure ("Rule") 15 provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave[, and] [t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Notably, "[a]lthough [Rule] 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it 'is not to be granted automatically.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)).

Courts in this circuit "consider[] the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" *Id.* (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020) (recognizing that "[a] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006))).

Courts, however, are not required to apply all five factors. *See Allen*, 911 F.2d at 373 (reflecting that the court found that it did not "need [to] apply all five factors . . . because the final two [factors] plainly reveal[ed] that the district court did not abuse its discretion in dismissing [the plaintiff's] action" without leave to amend). For example, if the plaintiff's proposed amendment would fail to survive a motion to dismiss under Rule 12(b)(6), or the legal

---

Plaintiff's motion for extension of time in which to move for leave to amend and extending Plaintiff's deadline to October 27, 2023; ECF No. 46, reflecting that Plaintiff moved to amend on October 25, 2023).

PAGE 4 – OPINION AND ORDER

basis for the plaintiff's proposed cause of action is tenuous, a court may deny leave to amend on futility grounds alone. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend."); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."); *see also Ewert v. eBay, Inc.*, 602 F. App'x 357, 359-60 (9th Cir. 2015) ("A court may deny leave to amend due to futility or legal insufficiency if the amendment would fail a motion to dismiss under Rule 12(b)(6)." (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998), *implicitly overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009))); *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650-51 (9th Cir. 1984) (holding that the self-represented plaintiff's proposed amended complaint was futile because it failed to state a claim).

## II.    ANALYSIS

The Court finds that Plaintiff's proposed amendments to his complaint to add claims against Aziz and Karima Wahab are futile, but Plaintiff may amend his prayer for damages.

### A.    Proposed New Defendants

Plaintiff represents that he seeks to add Aziz and Karima Wahab as defendants because "[a]s time[] passes[,] more intentions [have] come into light" and "[i]t is clear that [Defendant's sending of the message the day after the gathering] was not a coincidence [and] a clear violation of [his] rights[.]" (Pl.'s Mot. at 2.) Plaintiff further represents that Aziz and Karima Wahab were complicit in, and at least partially responsible for, Defendant's sending of the message because (1) both Plaintiff and Defendant had previously asked Aziz and Karima Wahab not to invite them over to their house for family gatherings if the other person would be present, (2) Aziz and Karima Wahab failed to inform Plaintiff that Defendant was present on the evening in question which prevented Plaintiff from "not com[ing] to the gathering" or "le[aving] immediately," and

PAGE 5 – OPINION AND ORDER

(3) Aziz and Karima Wahab failed "immediately" to disclose Defendant's message to Plaintiff. (*Id.* at 2-8.)

Based on these allegations, Plaintiff seeks to assert First Amendment and negligence claims against Aziz and Karima Wahab. (*See id.* at 7-8, alleging that Aziz and Karima Wahab violated Plaintiff's First Amendment rights to freedom of speech and peaceful assembly and were "negligen[t]" because they breached their "duty of care" and "duties of a host" to "not . . . invite Plaintiff to their house" when Defendant was present and "avoid a confrontation on their premise"). The proposed claims are futile.

### 1. First Amendment Claims

Plaintiff's proposed First Amendment claims against private citizens, such as Aziz and Karima Wahab (or Defendant, for that matter (*see* Pl.'s Mot. at 8)), are not cognizable and, therefore, Plaintiff fails to state a plausible claim for relief. *See, e.g.*, *Webb v. Washington*, No. 3:22-cv-05448, 2022 WL 16748844, at *7 (W.D. Wash. Sept. 23, 2022) ("[The self-represented plaintiff's] First Amendment violation allegation against these defendants is unclear, [but] it is undisputed that the First Amendment of the United States Constitution only applies to government actors; it does not apply to private corporations or persons. . . . Therefore, [the] [p]laintiff's § 1983 claims against private citizens and private companies for violations of his First Amendment rights are not cognizable.") (simplified), *report and recommendation adopted*, 2022 WL 16744503, at *1 (W.D. Wash. Nov. 7, 2022), *aff'd*, 2023 WL 3596447, at *1 (9th Cir. May 23, 2023).

### 2. Negligence Claims

Plaintiff's proposed negligence claims are also implausible and thus futile, as he does not allege facts that plausibly give rise to an entitlement to relief under a negligence theory. *See Conerly v. Permanente*, No. 21-16603, 2022 WL 17592188, at *1 (9th Cir. 2022) (affirming the

PAGE 6 – OPINION AND ORDER

district court's dismissal without leave to amend on futility grounds and noting the self-represented plaintiffs' complaint "ma[de] passing reference to a variety of constitutional and statutory provisions, [but] it d[id] not allege facts that plausibly g[a]ve rise to an entitlement to relief on those grounds, or that support[ed] the elements of a cause of action pursuant to any of those provisions") (simplified).

Under Oregon law, "unless the parties invoke a status, relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty, the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm the befell the plaintiff." *Fazzolari v. Portland Sch. Dist.,* 734 P.2d 1326, 1336 (Or. 1987). Here, Plaintiff suggests that Aziz and Karima Wahab owed him a special duty of care by inviting him as a guest into their home.

Oregon law generally recognizes that "it is the duty of the possessor of land to make the premises reasonably safe for the invitee's visit." *Woolston v. Wells*, 687 P.2d 144, 150 (Or. 1984) (en banc). However, "property owners are liable to invitees only for conditions that create an unreasonable risk of harm to the invitee." *Glorioso v. Ness*, 83 P.3d 914, 915 (Or. App. 2004) (citation omitted). Relatedly, Oregon courts have recognized that a possessor of land has a duty to take precautions against or warn invitees of "the intentional acts of third parties 'if he knows or has reason to know that the acts of the third person are occurring, or are about to occur.'" *Senger v. United States*, 103 F.3d 1437, 1443 (9th Cir. 1996) (quoting *Whelchel v. Strangways*, 550 P.2d 1228, 1231-32 (Or. 1976)). A possessor of land may "know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on

PAGE 7 – OPINION AND ORDER

the part of any particular individual." *Brown v. J.C. Penney Co., Inc.*, 688 P.2d 811, 813 (Or. 1984) (en banc) (quoting Restatement (Second) of Torts, § 344 and noting that the Oregon Supreme Court adopted the Restatement "as reflecting the law of this state" in *Whelchel*). "If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." *Id.*

Premises liability cases arising under Oregon law typically involve physical harm (e.g., slip-and-fall cases), or a third party's criminal conduct, that occurred on the premises. *See, e.g.*, *Woolston*, 687 P.2d at 146 (addressing the liability of a landlord for a fall on an apartment building stairwell); *Brown*, 688 P.2d at 813 (addressing the liability of a shopping center owner for the actions of a purse snatcher in the parking lot). Assuming without deciding that Oregon law would support a negligence claim against a private homeowner for an invited guest's defamatory conduct, such a claim would require the homeowner to have knowledge or reason to know that there is a likelihood of conduct on the part of the third person which is likely to endanger another invitee. *See id*.

Plaintiff has failed to allege any facts to support a plausible claim that Aziz and Karima Wahab had any reason to know, based on past experience or otherwise, that inviting Plaintiff and Defendant to a family holiday gathering would result in Defendant informing her family members that Plaintiff sexually abused her as a child. Indeed, Plaintiff has been clear that Defendant's text message about the sexual abuse "was a complete surprise to all of us and sent a shock wave to everyone who received it and to others who later found out about its content[,]"

PAGE 8 – OPINION AND ORDER

including "Aziz and spouse Karima Wahab[.]" (Compl. at 7.) Thus, Plaintiff has failed to state a plausible negligence claim against Aziz and Karima Wahab on a premises liability theory.[4]

Setting aside a possible premises liability theory, Plaintiff has also failed to state an ordinary negligence claim against Aziz and Karima Wahab. For the same reasons discussed above, Plaintiff has failed to allege any facts to support a claim that inviting both Plaintiff and Defendant to a family holiday gathering unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell Plaintiff here (i.e., defamation). *See Fazzolari,* 734 P.2d at 1336; *see also Hensley v. Nike, Inc.*, No. 3:20-cv-00791-JR, 2021 WL 4956851, at *4 (D. Or. Sept. 17, 2021) ("The [complaint] does not, however, plausibly establish the purported harm was foreseeable or that [the defendant's] conduct created a risk of harm. . . . Because the . . . Complaint does not establish these basic elements of negligence under Oregon law, the Court should dismiss the negligence claim for failure to state a claim."), *findings and recommendation adopted*, 2021 WL 4953229, at *1-2 (D. Or. Oct. 20, 2021), *aff'd*, No. 21-35963, 2023 WL 3034817, at *1 (9th Cir. Apr. 21, 2023).

For these reasons, the Court finds that Plaintiff's proposed claims against Aziz and Karima Wahab are futile.

### B. Proposed Additional Damages

Plaintiff also seeks to amend his complaint to request an "additional $1,000,000.00" in damages from Defendant. (*Id.* at 3, 8.) Defendant did not address the request in her response to the motion for leave to amend (ECF No. 49), but confirmed at a recent discovery hearing that she

---

[4] More fundamentally, Plaintiff has failed to state a negligence claim on a premises liability theory because the alleged defamation did not occur on the premises at all. (*See* Compl. at 5-10, alleging that Defendant sent the text message on May 8, 2022, the day after the family holiday gathering at the home of Aziz and Karima Wahab).

PAGE 9 – OPINION AND ORDER

does not oppose Plaintiff's request to amend the amount of damages.[5] (ECF No. 60.) Accordingly, the Court grants Plaintiff's motion to amend the complaint by increasing his prayer for damages by $1 million. *See Walber v. Toyota Motor Mfg., Can.*, No. 3:13-cv-00118-TMB, 2015 WL 12159423, at *2 (D. Alaska May 6, 2015) (granting motion to amend complaint to increase the amount of compensatory damages by $1 million where the defendants failed to demonstrate that the amendment was unduly prejudicial and discovery was ongoing).

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for leave to amend (ECF No. 46). The record now reflects that Plaintiff has amended his prayer for damages to seek $1.6 million in damages from Defendant, and Plaintiff need not file an amended complaint.

**IT IS SO ORDERED.**

DATED this 5th day of January, 2024.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[5] In his reply in support of the motion for leave to amend, Plaintiff objected to Defendant's use of "convoluted" legal language and case citations in her response. (Pl.'s Reply at 2-3, ECF No. 50.) Plaintiff asked the Court to "require[] plain English language be used by the defendant or to provide plaintiff with an interpreter – in this case a legal counsel." (*Id.* at 2.) The Court confirmed with Plaintiff during the recent discovery hearing that he is proficient in the English language and is not requesting a language interpreter, but rather is requesting that the Court appoint counsel to assist in interpreting the law. (ECF No. 60.) The Court denies Plaintiff's request to appoint pro bono counsel for the reasons set forth in its prior order. (*See* ECF No. 14.)