IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EBRAHIM WAHAB, | Case No. 3:23-cv-00098-SB |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | |
| SAIMA WAHAB, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Ebrahim Wahab ("Plaintiff"), a self-represented litigant, filed this action against his niece, Defendant Saima Wahab ("Defendant"), alleging that Defendant falsely claimed in a text message to family members that Plaintiff sexually abused her as a child. The Court has resolved several discovery disputes through its informal discovery dispute resolution procedures, including at discovery hearings on December 18, 2023, January 17, 2024, and January 30, 2024. Currently before the Court are two disputes between the parties relating to depositions.

      The first dispute involves the presence of courthouse security officers at depositions. The Court scheduled a March 6, 2024, status conference to address Plaintiff's safety concerns relating to upcoming depositions. Specifically, Plaintiff shared with the Court a recording of a

PAGE 1 – DISCOVERY ORDER

private August 2022 phone call in which Defendant made disparaging remarks about Plaintiff to a family member, and Plaintiff stated he was fearful about being in the same room as Defendant because of her statements about him during that call. In response to Plaintiff's concerns, the Court offered the use of courthouse space for depositions, and Plaintiff agreed that holding depositions in the courthouse would resolve his safety concerns.

During one of the scheduled depositions of a family member at the courthouse on April 5, 2024, Defendant's counsel contacted the Court to report concerns with Plaintiff's behavior during the deposition. In response to counsel's concerns, the Court asked a courthouse security officer to stay in the room during the deposition, as well as any future depositions. Later that evening, the Court received an apology from Plaintiff for his "at best unprofessional behavior." Plaintiff acknowledged that at times he cannot "control his feelings," and he apologized to defense counsel for his behavior during the deposition.

Despite his Friday, April 5, 2024, apology, Plaintiff filed a motion for sanctions against Defendant and her counsel on Sunday, April 7, 2024. (Pl.'s Mot. Sanctions, ECF No. 75.) Plaintiff asked the Court to sanction Defendant and her counsel "for their egregious conduct and persistent harassment throughout the course of this litigation." (*Id*. at 2.) The only examples Plaintiff provided of any alleged harassment were: (1) the sexual abuse allegations at issue in this litigation; (2) the statements Defendant made about Plaintiff during the private August 2022 phone call; and (3) Defendant called Plaintiff a "MFer" during private counseling sessions. (*Id.*) Notably, Plaintiff does not allege that either Defendant or her counsel used any derogatory language directed at Plaintiff during a deposition or other court proceeding. For these reasons, the Court denied Plaintiff's motion for sanctions. (ECF No. 76.)

///

In the motion for sanctions, Plaintiff also alleged that defense counsel intentionally provoked him at the April 5, 2024, deposition, and he objected to the continued presence of courthouse security officers at depositions. (*Id.* at 3.) In correspondence to the Court on April 17, 2024, Plaintiff stated that he believed courthouse security officers are present at the depositions because he is being "profiled." The Court provides the relevant details above to explain that the depositions are being held at the courthouse due to Plaintiff's own safety concerns, and that the Court asked for the assistance of courthouse security officers in response to Plaintiff's behavior at a courthouse deposition. Further, Plaintiff has acknowledged he acted inappropriately during that deposition and apologized to defense counsel for his behavior. For these reasons, a courthouse security officer will continue to be present in the courtroom for all depositions in this matter in an abundance of caution.

The second issue for the Court to resolve is Plaintiff's objection to the presence of a deponent's caregiver at a deposition scheduled for April 22, 2024. The deponent, Defendant's elderly mother, has serious health concerns and has notified Plaintiff that her in-home caregiver son will attend the deposition to provide her with assistance. Plaintiff objects, on the grounds that (1) the son would have access to proprietary information during the deposition and is not subject to the applicable protective order; (2) the son may inform Defendant about the deponent's testimony; and (3) the deponent should hire a professional caregiver if she is concerned about her health during the deposition.

The Court overrules Plaintiff's objections to the presence of the deponent's caregiver at the April 22, 2024, deposition. First, both the deponent and her caregiver are subject to the terms of the protective order. (*See* Protective Order, ECF No. 61.) Plaintiff may provide a copy of the protective order to both and ask that they sign a copy of Exhibit A acknowledging they are

bound by the protective order's terms. (*Id.* at 8.) Plaintiff should also make it clear during the deposition which documents and testimony he is designating as confidential under the terms of the protective order. (*See id.* at 2-7.)

Second, defense counsel has represented that Defendant will also be present at the April 22, 2024, deposition, and that is her right as a party to this litigation. Thus, there is no risk that the caregiver will share any confidential information to which Defendant will not already be privy.

Third, in light of the above issues, it would be unreasonable to require the deponent to retain professional medical care at the deposition when her regular family caregiver is available to provide care at no additional cost.

For these reasons, the Court overrules Plaintiff's objections to the continued presence of courthouse security officers at depositions in the courthouse and to the presence of the elderly deponent's caregiver at the April 22, 2024, deposition.

**IT IS SO ORDERED.**

DATED this 18th day of April, 2024.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge