IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EBRAHIM WAHAB, | Case No. 3:23-cv-00098-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SAIMA WAHAB, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Ebrahim Wahab ("Plaintiff") filed this diversity action against his niece, Defendant Saima Wahab ("Defendant"), alleging that Defendant falsely claimed in a text message to family members that Plaintiff sexually abused her as a child. Before the Court is Plaintiff's amended motion to quash a non-party subpoena, pursuant to Federal Rule of Civil Procedure ("Rule") 45. For the reasons explained below, the Court denies Plaintiff's amended motion.

///

///

///

PAGE 1 – OPINION AND ORDER

I.   APPLICABLE LAW

   A.   **Self-Represented Litigants**

Plaintiff is a self-represented litigant. "While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citation omitted); *Ritchie v. SEC*, No. 22-cv-05845, 2023 WL 3059847, at *3 (C.D. Cal. Apr. 24, 2023) ("Because Mr. Ritchie . . . is not a licensed attorney, the court finds he has no authority to appear as an attorney for others than himself. . . . Mr. Ritchie's purported power of attorney as to Mr. Johnson does not alter that conclusion.").

   B.   **Non-Party Subpoenas**

Rule 45 "governs the issuing and service of subpoenas on nonparties." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, No. 2:22-cv-03909, 2023 WL 5506883, at *6-7 (C.D. Cal. Aug. 17, 2023) (citing FED. R. CIV. P. 45). Rule 45 provides, in relevant part, that "a subpoena must be modified or quashed if it 'requires disclosure of privileged or other protected matter, if no exception or waiver applies,' or if the subpoena 'subjects a person to undue burden.'" *Id.* (citations omitted).

"Parties do not have standing to quash a subpoena issued to a nonparty unless they are able to claim 'some personal right or privilege with regard to the documents sought.'" *Perry v. Bloomberg*, No. 1:15-cv-00408-CL, 2015 WL 3542773, at *4 (D. Or. June 4, 2015) (quoting *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal 2010)); *see also* 9A Charles Alan Wright et al., Federal Practice and Procedure § 2459 (3d ed. Apr. 2023 update) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (footnote omitted). Furthermore, courts have recognized that "[o]nly

PAGE 2 – OPINION AND ORDER

the party to which the subpoena is directed has standing to object to 'alleged defects in the method of service and form of the subpoena,' or 'to object to the requests on the grounds that they are irrelevant, vague, overbroad, duplicative, unduly burdensome, etc.'" *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 21-3362, 2023 WL 4247749, at *3 (C.D. Cal. Apr. 18, 2023) (quoting *Jiae Lee v. Dong Yeoun Lee*, No. 19-08814, 2020 WL 7890868, at *5 (C.D. Cal. Oct. 1, 2020)); *see also VPN.com LLC v. Dikian*, No. 23-mc-00087, 2023 WL 8304029, at *5 (C.D. Cal. Aug. 4, 2023) (explaining that "[a] party's objection that a subpoena issued to a non-party seeks irrelevant information or imposes an undue burden on the non-party is not grounds on which the objecting party has standing to assert, especially where the non-party, itself, has not objected" (quoting *Clair v. Schlachter*, No. 12-cv-00804, 2016 WL 2984107, at *5 (E.D. Cal. May 23, 2016))).

## II. ANALYSIS

Plaintiff does not have standing to seek to quash the subpoena that Defendant issued to nonparty Lewis and Clark College ("LCC"), or object on relevance, overbreadth, or vagueness grounds. *Cf. Chevron Corp. v. Donziger*, No. 12-80237, 2013 WL 4536808, at *5 (N.D. Cal. Aug. 22, 2013) (holding that "[o]wnership of the email addresses gives the [non-party] Doe movants a personal stake in the outcome of this dispute, and therefore standing to quash the subpoenas").

Plaintiff's brother, Zaher Wahab, Ph.D. ("Dr. Wahab"), who recently sat for a deposition in this case, serves as a professor at LCC. (ECF No. 84-2 at 2-3.) During his deposition, Dr. Wahab acknowledged that he communicates with Plaintiff via email. (ECF No. 84-2 at 5.) Dr. Wahab has also used his LCC email to communicate with Defendant's counsel. (ECF No. 84-4 at 2.)

///

PAGE 3 – OPINION AND ORDER

In the subpoena that Defendant issued to LCC, Defendant asked LCC to produce "[a]ll communications to and from [Dr.] Wahab's [LCC] email address. . . between January 1, 2022 to present and the following terms: (1) Saima; (2) Ebrahim; (3) [Plaintiff's Gmail account]; (4) Mirwais; (5) Amin; (6) Gui Pari; (7) Sheerina; (8) Garden Home; (9) FBI; (10) Nooria; (11) DHS; (12) PTSD; and (13) Imran." (ECF No. 84-6 at 1; *see also* ECF No. 81 at 2, reflecting that in his amended motion to quash, Plaintiff highlights and raises objections to the foregoing request).

Plaintiff acknowledges that Dr. Wahab is "not a part[y] [to] this civil case." (ECF No. 81 at 2.) Plaintiff nevertheless objects to the subpoena's requests for "miscellaneous family communications," noting that the "scope and breadth of th[e] subpoena is far beyond anything that can be considered reasonable," the subpoena is "vague and without purpose," the subpoena is likely to lead to production of other irrelevant interactions, Defendant "must explain how and why communications between. . . [Dr.] Wahab and the people whose email contents are subpoenaed relate to this case," and Defendant has "not provided any relevance to this case." (ECF No. 81 at 2-3.) Plaintiff also claims that "Dr. Wahab argues ([and Plaintiff] only relay[s] his message) that if this subpoena is carried out, [D]efendant will obtain too much more than she has asked for, unintentionally." (ECF No. 81 at 2.) Plaintiff, however, adds that Dr. Wahab is unaware of "what exactly [LCC is] likely to collect while filtering for these words[.]" (ECF No. 81 at 3.)

Consistent with the authorities cited above, the Court concludes that Plaintiff lacks standing to seek to quash the subpoena that Defendant issued to the non-party, LCC, or object to the subpoena on the grounds that is vague, overbroad, or seeks production of irrelevant information.

PAGE 4 – OPINION AND ORDER

Further, as discussed above, Plaintiff is proceeding as a self-represented litigant and thus has no authority to represent others. Accordingly, the Court rejects Plaintiff's attempts to present arguments on Dr. Wahab's (or LCC's) behalf or assert others' privacy rights. (*See* ECF No. 81 at 3, asserting that it would be "an invasion of . . . privacy" for Defendant to obtain communications involving Dr. Wahab and certain family members named in the subpoena).

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's amended motion to quash the non-party subpoena (ECF No. 81).

**IT IS SO ORDERED.**

DATED this 24th day of April, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge