IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EBRAHIM WAHAB,

          Plaintiff,

    v.

SAIMA WAHAB,

          Defendant.

Case No. 3:23-cv-00098-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

      Pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2), Defendant Saima Wahab ("Defendant") moves for entry of default judgment on her counterclaims against Plaintiff Ebrahim Wahab ("Plaintiff"). The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), and the parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). For the reasons explained below, the Court denies Defendant's motion for default judgment.

**DISCUSSION**

      Plaintiff, who is Defendant's uncle and proceeding as a self-represented litigant, filed this diversity action against Defendant on January 20, 2023. (ECF No. 1.) Plaintiff alleges that

PAGE 1 – OPINION AND ORDER

Defendant falsely claimed in a text message to family members that Plaintiff sexually abused her as a child. (*Id.*)

After the parties engaged in motion practice, Defendant filed an answer, affirmative defenses, and counterclaims on September 29, 2023. (ECF No. 33.) On October 12, 2023, Plaintiff timely filed a response to Defendant's answer and affirmative defenses. (ECF No. 38.) Plaintiff styled his response like an answer, but failed to address Defendant's counterclaims. (*Id.*) As a result, Defendant moved for default judgment on her counterclaims. (ECF No. 93.)

## DISCUSSION

**I.     RULE 55**

The Court finds that Defendant is not entitled to default judgment because she failed to comply with Rule 55's two-step process.

A party is not entitled to default judgment absent compliance with Rule 55's two-step process. This process "consist[s] of: (1) seeking a clerk's entry of default under Rule 55(a), and (2) filing a motion for the entry of default judgment under Rule 55(b)." *Scoyni v. Salvador*, No. 20-35123, 2021 WL 5002213, at *2 (9th Cir. Oct. 28, 2021) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Thompson v. Riverside Cnty. Sheriff Dep't*, No. 19-00122, 2020 WL 8028284, at *4 (C.D. Cal. Sept. 21, 2020) (quoting *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011)).

Failure to comply with Rule 55's two-step process warrants denial of a motion for default judgment. For example, in *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998), *aff'd*, 162 F.3d 1167 (9th Cir. 1998), the self-represented plaintiffs requested that the court enter default judgment, even though the clerk of court had declined to enter default against the

PAGE 2 – OPINION AND ORDER

defendant. *Id.* In denying the plaintiffs' motion for default judgment, the district court explained that because "default ha[d] not been entered against [the] defendant . . . , the entry of default judgment would be inappropriate." *Id.* The district court added that "[t]he entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the [c]lerk of the [c]ourt." *Id.*; *see also Scoyni*, 2021 WL 5002213, at *2 ("The district court properly denied [the self-represented plaintiff's] motion for default judgment. . . . [The plaintiff] failed to comply with [Rule 55's] two-step process. Furthermore, [the] [d]efendants timely filed an answer after the temporary stay was lifted as directed by the court."); *Turner v. Madson*, 689 F. App'x 540, 541 (9th Cir. 2017) ("To the extent that [the self-represented plaintiff] contends the district court erred in denying [his] motions for default judgment, the district court did not abuse its discretion because the clerk never entered a default, and [the] defendants were never in default.").

The record reflects that Defendant did not seek the clerk's entry of default under Rule 55(a), nor has the clerk entered default. As a result, Defendant has failed to comply with Rule 55's two-step process and the Court denies Defendant's motion for default judgment. *See* 10 A Charles A. Wright et al., *Federal Practice and Procedure* § 2682 & n.1 (4th ed. June 2024 update) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (citing *Brooks*, 29 F. Supp. 2d at 618)).

## II.      REMAINING CONSIDERATIONS

Even if Defendant had complied with Rule 55's two-step process, the Court finds that Defendant is not entitled to default judgment as a result of a self-represented party's failure to answer the counterclaims.

The Ninth Circuit has recognized that district courts should treat self-represented "litigants . . . with 'great leniency' when evaluating compliance with 'the technical rules of civil

PAGE 3 – OPINION AND ORDER

procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). The Ninth Circuit has also recognized that there is a "good reason" that district courts "afford leeway to [self-represented] parties, who appear without counsel and without the benefit of sophisticated representation: 'Presumably unskilled in the law, the [self-represented] litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1121 (9th Cir. 2000) (en banc)). Plaintiff appears here without the benefit of counsel and, as a result, the Court must treat him with leniency when evaluating compliance with technical rules of civil procedure. *See Seals*, 797 F. App'x at 327.

The Court notes that even lawyers sometimes neglect to file answers to opposing parties' counterclaims. In *Manteca*, for example, the "[d]efendants argue[d] that because plaintiffs['] [counsel] failed to file an answer to [the] defendants' counterclaims, [the] plaintiffs judicially admitted all of the matters alleged and the court [could] grant [the] defendants' motion for summary judgment on [that] ground alone." 2016 WL 3277260, at *2. After noting that a court may treat a party's failure to file an answer as an admission on summary judgment, the district court stated that it would "not grant [the] defendants' motion for summary judgment on such a technicality." *Id.* at *3 (citing, *inter alia*, *Lockwood*, 629 F.2d at 611). The *Manteca* district court explained that "[d]eciding the issues based on this procedural error [was] inappropriate, especially in light of the fact that both parties [had] already fully briefed the issues and participated in a nine-day hearing [at the administrative level]." *Id.* The district court added that there was "no question that [the] defendants [had] been aware of [the] plaintiffs' claims and

PAGE 4 – OPINION AND ORDER

defenses from the beginning and were not prejudiced by [the] plaintiffs' failure to file an answer to its counterclaims." *Id.*

Similarly, in *Perez-Denison*, the defendant moved for summary judgment on its two counterclaims and emphasized that "the allegations in its counterclaims should be deemed admitted because [the plaintiff's counsel] never filed an answer to those counterclaims." 868 F. Supp. 2d at 1077. The plaintiff later moved for an extension of time to answer under Rule 6(b)(1)(B). *See id.* at 1076. The district court noted that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* at 1078 (emphasis omitted) (quoting FED. R. CIV. P. 6(b)(1)(B)). The district court added that courts consider at least four factors in evaluating whether a party failed to act because of excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). The district court also noted that "[e]ven 'when an actor *knowingly* misses a deadline but acts in good faith without any intention to prejudice the opposing party, manipulate the legal process, or interfere with judicial-making, the actor's delay is neglectful, but not intentional, and thus may be excusable.'" *Id.* at 1079 (quoting *Golf Sav. Bank v. Walsh*, No. 09-cv-00973-AC, 2010 WL 3222112, at *5 (D. Or. Aug. 13, 2010)).

Consistent with the foregoing, the district court explained that there was no dispute that the plaintiff's counsel acted in good faith and did not intend to prejudice the defendant. *Id.* The district court recognized that before the plaintiff sought an extension of time, nearly seven months had passed, discovery closed, and the parties completed their summary judgment briefing

on the defendant's counterclaims. *Id.* The district court explained that because it was considering the plaintiff's motion for extension of time in conjunction with the defendant's motion for summary judgment and arguments regarding the merits of its counterclaims, the district court "fores[aw] little, if any, prejudice or negative impact on [the] proceeding." *Id.* Based primarily on these reasons, the district court granted the plaintiff's Rule 6(b)(1)(B) motion for an extension of time to answer the counterclaims. *Id.*

As in *Manteca*, the Court declines to enter default judgment here as the result of a technicality. Without the benefit of counsel, Plaintiff timely filed a response to Defendant's affirmative defenses but neglected to address Defendant's counterclaims. The Court finds that Plaintiff's failure to answer was the result of excusable neglect. The record suggests that Plaintiff attempted in good faith to comply with the Rules, and that the parties have at all times been aware of each other's intertwined and conflicting positions as to the merits of their claims and defenses. Further, the parties only recently completed depositions and fact discovery and are in the process of briefing Defendant's recently filed motion for summary judgment on Plaintiff's claim. Thus, granting Plaintiff's request for an extension of time to answer the counterclaims would cause minimal impact on this proceeding or prejudice to Defendant, who remains entitled to litigate the merits of her counterclaims on summary judgment or at trial. Accordingly, the Court grants Plaintiff's request for an extension of time to file an amended answer and denies Defendant's motion for default judgment.

## CONCLUSION

For these reasons, the Court DENIES Defendant's motion for default judgment (ECF No. 93), and GRANTS Plaintiff's request for an extension of time to file an answer to Defendant's counterclaims. Plaintiff's amended answer is due on or before July 10, 2024. The Court also

reminds Plaintiff that his response to Defendant's Motion for Summary Judgment (ECF No. 100) is due on or before July 2, 2024.

**IT IS SO ORDERED.**

DATED this 26th day of June, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge